1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Jonathan W. Carlson
   Nevada Bar No. 10536
3    *jonathan.carlson@mccormickbarstow.com*
   Cheryl A. Grames
4  Nevada Bar No. 12752
     *cheryl.grames@mccormickbarstow.com*
5  Stacy Norris
   Nevada Bar No. 15445
6    *stacy.norris@mccormickbarstow.com*
   8337 West Sunset Road, Suite 350
7  Las Vegas, Nevada 89113
   Telephone:     (702) 949-1100
8  Facsimile:     (702) 949-1101

9  Attorneys for GEICO CASUALTY COMPANY

10              **UNITED STATES DISTRICT COURT**

11                  **DISTRICT OF NEVADA**

12                          **\*\*\*\***

13  SUNI BOWLING, an individual,          | Case No. 2:23-cv-01184-JCM-BNW

14            Plaintiff,

15       v.

16  GEICO CASUALTY COMPANY, a Nebraska     | **[PROPOSED] JOINT DISCOVERY PLAN**
    Corporation; DOES I through X, inclusive; | **AND SCHEDULING ORDER**
17  and ROE CORPORATIONS I through X,
    inclusive,                             | **SPECIAL SCHEDULING REVIEW**
18                                         | **REQUESTED**
            Defendants.

19

20

21        Pursuant to FRCP 26(f) and LR 26-1, the parties, by and through their respective counsel,

22  hereby submit the following Joint Stipulated Discovery Plan and Scheduling Order for the Court's

23  approval.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

Case No. 2:23-cv-01184-JCM-BNW
[PROPOSED] JOINT DISCOVERY PLAN AND SCHEDULING ORDER

# I.
# PROCEDURAL HISTORY

Plaintiff filed her Complaint on June 22, 2023, in the Eighth Judicial District Court of Nevada, Clark County.  Defendant GEICO was served with a copy of the Complaint and Summons through service on the Nevada Insurance Commissioner on June 26, 2023.

Defendant filed their Petition for Removal on July 26, 2023 [Doc. 1], and filed their Motion to Dismiss on August 2, 2023. [Doc. 5]. Plaintiff filed her Opposition to GEICO's Motion to Dismiss on August 16, 2023 [Doc. 7], and GEICO filed its Reply on August 23, 2023. [Doc. 8].  At the Court's request, Defendant filed their Statement Regarding Removal on August 10, 2023.  [Doc. 6].

# II.
# PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

**A.**    **Fed. R. Civ. P. 26(f) Meeting**

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on August 25, 2023.  Michael Kane, Esq. attended for Plaintiff Suni Bowling, and Stacy Norris, Esq. attended for Defendant GEICO Casualty Company.

**B.**    **Changes to Pre-Discovery Disclosures**

Pursuant to FRCP 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under FRCP 26(a). The parties have stipulated that disclosures under FRCP 26(a) shall be made on or before **September 8, 2023,** including, but not limited, to any Computation(s) of Damages required pursuant to FRCP 26(a)(i)(A)(iii).

**C.**    **Areas of Discovery**

The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34, and Rule 36 should be permitted, such that the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case, subject to the limitations imposed by Rule 26(b)(2).

**D.**    **Issues with Electronically Stored Information**

The parties stipulate that there are no issues pertaining to the disclosure, discovery, or

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

2

Case No. 2:23-cv-01184-JCM-BNW

[PROPOSED] JOINT DISCOVERY PLAN AND SCHEDULING ORDER

preservation of electronically stored information.  The parties anticipate, however, that this case will involve or require the inspection or production of electronically stored information ("ESI").  To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, as an image (e.g., pdf, jpg, or tiff), or via hard electronic copy (e.g., CD-ROM, DVD, or Dropbox.com). The parties will cooperate in good faith to ensure that ESI is produced in a readily identifiable (and readable) format.

**E.      Issues Regarding Privilege or Protection**

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each taking reasonable steps to identify and prevent disclosure of any document (or information) that they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document shall promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the requesting party that such document was inadvertently produced and should have been withheld.

Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the court denying such privilege.

**F.      Discovery Plan**

**1.      Close of Discovery Date**

The parties herein stipulate that the discovery period shall be 270 days from July 26, 2023. Therefore, the close of discovery shall be **Monday, April 22, 2024.**

*a.      Special Scheduling Review Request*

The parties request a discovery period in excess of 180 days due to the complexity of issues and the scope of this case.  Plaintiff has alleged significant damages resulting from the subject motor

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

3

Case No. 2:23-cv-01184-JCM-BNW
[PROPOSED] JOINT DISCOVERY PLAN AND SCHEDULING ORDER

vehicle accident, including physical impairment, medical damages for past medical treatment, medical damages and estimates for future medical treatment, mental anguish, loss of enjoyment of life past, present, and future, and pain and suffering.  Plaintiff's Complaint details Plaintiff's alleged $131,135.87 in past medical specials and $2,061,415.84 in future medical specials, with Plaintiff's valuation of her case well over $2,000,000.  [Doc. 1-1].

The parties therefore respectfully request an extended discovery period of 270-days due to the volume of treating providers, the amount of damages claimed, and the complexity of issues in this matter.

**2.      Amending the Pleadings or Adding Parties**

The parties shall have until **Monday, January 23, 2024** to file any motions to amend the pleadings or add parties.  This is ninety (90) days prior to the close of discovery.

**3.      FRCP 26(a)(2) Disclosure of Experts**

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2)(D) and LR 26-1(b)(3) as follows:

- The disclosure of experts and their reports shall occur on or before

**Tuesday, February 21, 2024.**

- The disclosure of rebuttal experts and their reports shall occur on or before

**Thursday, March 23, 2024.**

These deadlines are sixty (60) days before the discovery cut-off date and thirty (30) days after the initial disclosure of experts.

**4.      Dispositive Motions**

The parties shall have until **Monday, May 22, 2024** to file dispositive motions. This is thirty (30) days after the discovery cut-off date, as required by LR 26-1(b)(4).

**5.      Pre-Trial Order**

The parties will prepare a consolidated Pre-Trial Order on or before **Wednesday, June 21, 2024,** which is not more than thirty (30) days after the date set for filing dispositive motions in this case, as required by LR 26-1(b)(5). In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions

or further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

**6.      Modifications of the Discovery Plan and Scheduling Order**

LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court, or at least twenty-one (21) days prior to the expiration of the subject deadline.

**G.      Certifications**

Lastly, pursuant to LR 26-1(b)(7-9),the parties certify as follows:

**1.      Alternative Dispute Resolutions**

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, early neutral evaluation.

**2.      Alternative Forms of Case Disposition**

The parties certify that they considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, they withheld their mutual consent to such forms of alternative case disposition, and agreed to discuss more at a later date.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**3.      Electronic Evidence**

The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposed of the jury deliberations and that no stipulations have been reached as of the filing of this plan regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system.

Dated this 15ᵗʰ day of September, 2023.

IT IS SO STIPULATED.


THE702FIRM                                          MCCORMICK, BARSTOW, SHEPPARD,
                                                     WAYTE & CARRUTH, LLP.


*/s/ Michael Kane*                                  */s/ Stacy Norris*
_____                              _____
MICHAEL C. KANE, ESQ.                               JONATHAN W. CARLSON, ESQ.
Nevada Bar No. 10096                                Nevada Bar No. 10536
BRADLEY J. MYERS, ESQ.                              CHERYL A. GRAMES, ESQ.
Nevada Bar No. 8857                                 Nevada Bar No. 12752
MATTHEW P. PAWLOWSKI, ESQ.                          STACY NORRIS, ESQ.
Nevada Bar No. 9889                                 Nevada Bar No. 15445
8335 W. Flamingo Road                               8337 W. Sunset Road, Suite 350
Las Vegas, NV 89147                                 Las Vegas, NV 89113
*Attorneys for Plaintiff*                           *Attorneys for Defendant*


## ORDER

IT IS SO ORDERED.

Dated this 18th day of September, 2023.


_____
U.S. DISTRICT COURT MAGISTRATE JUDGE

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

6                                    Case No. 2:23-cv-01184-JCM-BNW
[PROPOSED] JOINT DISCOVERY PLAN AND SCHEDULING ORDER

**Tricia Dorner**

| | |
|---|---|
| **To:** | Tricia Dorner |
| **Subject:** | Bowling v. GEICO Casualty Company - Joint Discovery Plan and Scheduling Order. |
| **Attachments:** | Bowling v. GEICO - Proposed Joint Discovery Plan and Scheduling Order.nrl |

**From:** Matt Pawlowski <Matt@the702firm.com>
**Sent:** Friday, September 15, 2023 9:51 AM
**To:** Stacy Norris <Stacy.Norris@mccormickbarstow.com>; Gloria Pacheco <gloria@the702firm.com>
**Cc:** Cheryl A. Grames <Cheryl.Grames@mccormickbarstow.com>; Jonathan Carlson
<Jonathan.Carlson@mccormickbarstow.com>
**Subject:** Bowling v. GEICO Casualty Company - Joint Discovery Plan and Scheduling Order.

Good morning, Stacy –

I have recently been assigned to this action with Michael Kane. I have reviewed the Joint Discovery Plan and Scheduling Order and it is approved as to form and content.

Please insert me in the signature block along with Mike and Brad Meyers. My name and bar number is:

MATTHEW P. PAWLOWSKI, ESQ.
Nevada Bar No. 9889

Regarding your second inquiry, there is no estate needed regarding this action.

I look forward to working with you in this case moving forward.

Thank you and have a great day,

Matthew P. Pawlowski, Esq.