UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUNI BOWLING, | Case No. 2:23-CV-1184 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| GEICO CASUALTY COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant GEICO Casualty Company ("defendant")'s motion for partial dismissal of plaintiff Suni Bowling ("plaintiff")'s complaint. (ECF No. 5). Plaintiff filed a response (ECF No. 7), to which defendant replied (ECF No. 8).

**I.    Background**

This action arises from an insurance dispute between the parties following plaintiff's sustaining injuries in an automobile accident. On June 25, 2017, a vehicle owned and operated by a non-party made impact with the rear of plaintiff's automobile, necessitating medical treatment amounting to $131,135.87. (ECF No. 1-1 at 3-4).

At the time of the accident, plaintiff carried an insurance policy issued by defendant that included uninsured/underinsured ("UIM") benefits of $100,000 per person and $300,000 per occurrence. (*Id.* at 4). The non-party carried an insurance policy with another insurer that included bodily injury limits of $100,000 per person and $300,000 per person. (*Id.*). Plaintiff settled with the non-party's insurer in April of 2018 for $99,999.00. (*Id.*).

James C. Mahan
U.S. District Judge

1   Plaintiff sent her first UIM policy demand to defendant in March of 2018, at which time
2   her past medical specials were approximately $50,355.14. (*Id.*). Plaintiff supplemented her
3   demand one month later, outlining past medical specials of $110,810.23. (*Id.*). Defendant
4   subsequently requested an examination under oath ("EUO") and for plaintiff to submit to a medical
5   examination performed by a doctor of its choosing. (*Id.*). Plaintiff complied with defendant's
6   requests. (*Id.*).

   On October 14, 2020, defendant extended an offer of $38,010.23 to plaintiff and an "additional offer" of $39,500.00 on June 14, 2021. (*Id.*).[1]  One day later, plaintiff submitted a second supplemental policy limits demand to defendant outlining past medical special expenses amounting to $131,135.87 and future medical expenses in the amount of $2,061,415.61. (*Id.* at 4-5). Defendant acknowledged receipt of plaintiff's second supplemental demand and stated it submitted the same to the doctor who conducted the medical examination for review and a supplemental report. (*Id.* at 5). On February 24, 2022, defendant informed plaintiff that because the doctor's opinions remained unchanged in his supplemental report, its offer of $39,500.00 would likewise remain unchanged. (*Id.*).

   Plaintiff filed her complaint on July 26, 2023, asserting causes of action for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) violation of the Nevada Unfair Claims Practices Act. (*Id.* at 5-11).

   Defendant filed the instant motion seeking partial dismissal of plaintiff's complaint, arguing that her causes of action for breach of the implied covenant of good faith and fair dealing

---

[1] It is unclear whether the "additional offer" of $39,500.00 constituted an amended offer to the original amount of $38,010.23 or a supplemental offer.

**James C. Mahan**
**U.S. District Judge**

- 2 -

and violation of the Nevada Unfair Claims Practices Act fail to state a claim upon which relief may be granted. (ECF No. 5).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

When the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). Additionally, when the allegations in a complaint have not crossed the line from conceivable to plausible, the plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*.

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (internal quotation marks omitted).

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

### III. Discussion

A. <u>Breach of the implied covenant of good faith and fair dealing</u>

Defendant posits that the court should dismiss plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing because this case represents solely a contractual valuation dispute.

"An implied covenant of good faith and fair dealing exists in every Nevada contract and essentially forbids arbitrary, unfair acts by one party that disadvantage the other." *Frantz v. Johnson*, 999 P.2d 351, 358 n.4 (Nev. 2000). "With respect to the covenant of good faith and fair dealing, [the Nevada Supreme Court] ha[s] stated that 'when one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith.'" *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (quoting *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991)).

Bad faith requires the "unreasonable denial or delay in payment of a valid claim." *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996). "Bad faith involves an actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (Nev. 1986) (citation omitted). Thus, a plaintiff must show that (1) the insurer denied or refused to pay the insured's claim, (2) that it objectively acted "unreasonably" in doing so, and (3) it acted "with knowledge that there is no reasonable basis for its conduct." *Potter*, 912 P.2d at 272.

Defendant argues that plaintiff's allegations regarding the settlement offer that did not materially change between October 14, 2020, and February 24, 2022, are conclusory. (ECF No. 5 at 4-5). Plaintiff counters by averring that defendant should have taken more steps in explaining

**James C. Mahan**
**U.S. District Judge**

why it chose not to raise the initial settlement offer. (ECF No. 7 at 4-5). While plaintiff may dispute defendant's methodology for determining how much coverage is warranted, such methodology does not rise to the level of bad faith.

Plaintiff's complaint demonstrates that defendant acted reasonably throughout the insurance dispute. Defendant acknowledged receipt of plaintiff's initial policy demand a mere three days after it was sent. (ECF No. 1-1 at 4). Less than a month after receiving plaintiff's supplemental policy demand, defendant responsibly requested an EUO and for plaintiff to submit to a medical examination. (*Id.*). Finally, defendant acknowledged receipt of plaintiff's second supplemental policy demand. (*Id.* at 5). Accordingly, defendant kept plaintiff apprised of any developments in the dispute. Interestingly, plaintiff does not allege whether she told defendant about her $99,999.00 settlement with the non-party's insurer. (ECF No. 5 at 2).

Plaintiff contends that defendant did not perform any secondary review of her claim following the production of a report from her own doctor, instead choosing to rely solely on the report from its own medical expert. (ECF No. 7 at 5). However, plaintiff offers no evidence to support such a statement, which indeed is conclusory in nature. Plaintiff's complaint provides that defendant did in fact inform plaintiff that it would re-evaluate her demand following another review of the records by the doctor who conducted the examination. (ECF No. 1-1 at 5).

It is clear that plaintiff believes she is entitled to a higher settlement offer simply because the medical evaluation of her own doctor differs from that of defendant's. Defendant acted reasonably in performing a full evaluation of her claim and making its final settlement offer, regardless of whether plaintiff agrees with the final amount. Plaintiff further claims bias on behalf of defendant's doctor, but provides no evidence to support such an allegation. (ECF No. 7 at 6).

**James C. Mahan**
**U.S. District Judge**

Disputes over valuation between medical experts are insufficient to give rise to a cognizable extra-contractual cause of action such as bad faith. *See Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-cv-01065-APG-CWH, 2013 WL 3109381, at *4 (D. Nev. June 17, 2013) ("[i]n light of [defendant's] hiring of a medical expert to review and affirm the findings of its adjusters, the court cannot reasonably infer the subjective element of bad faith.").

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is appropriately dismissed.

### B. Violation of the Nevada Unfair Claims Practices Act

Defendant seeks dismissal of plaintiff's cause of action for violation of the Nevada Unfair Claims Practices Act. The allegations in plaintiff's complaint regarding violations of Nevada Revised Statute ("NRS") 686A.310 and Nevada Administrative Code § 686A are likewise conclusory. (*See* ECF No. 1-1 at 9-11).

For each subdivision of the statutes that plaintiff alleges were violated, she simply makes a general citation to the statutes and parrots the arguments set forth in her prior cause of action, specifically that defendant failed to acknowledge her UIM demands. (*Id.*). The court has already explained that defendant acted in a reasonable manner in responding to and evaluating plaintiff's demands. No other factual allegations in the complaint suggest that defendant breached its statutory duties.

Plaintiff's claim for violation of the Nevada Unfair Claims Practices Act is appropriately dismissed.

### C. Punitive damages

Plaintiff believes that she is entitled to punitive damages due to defendant's conduct. (*Id.* at 12). Given that the only surviving claim is for breach of contract, which does not provide for

James C. Mahan
U.S. District Judge

- 7 -

recovery in the form of punitive damages when standing alone, plaintiff's request for punitive damages is thus dismissed.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant GEICO Casualty Company's motion for partial dismissal of plaintiff Suni Bowling's complaint (ECF No. 5) be, and the same hereby is, GRANTED.

The causes of action for breach of the implied covenant of good faith and fair dealing and violation of the Nevada Unfair Claims Practices Act are dismissed from the complaint without prejudice.

DATED December 1, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**